UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEENA DEAN** : <br> **225 Rocky Ridge Road** : <br> **Quakertown, Pa 18951** : <br> : <br> Plaintiff : <br> : <br> vs. : <br> : <br> **County of Bucks** : <br> **55 E Court Street** : <br> **Doylestown, PA 18901** : <br> Defendant : <br> : | CIVIL ACTION <br> NO.: <br><br> PLAINTIFF REQUESTS A TRIAL <br> BY JURY |

**COMPLAINT**

## I. PRELIMINARY STATEMENT:

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Deena Dean. Plaintiff was an employee of Defendant, County of Bucks, who was harmed by the Defendant's discriminatory and retaliatory employment practices.

2. This action arises under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq,* the Family and Medical Leave Act ("FMLA") as codified, 29 U.S.C. § 2601 *et seq.,* and <u>Shick v. Shirey</u>, 552 Pa. 590 (1998).

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the ADA. Further, the actions and/or conduct in terminating/firing plaintiff for the injuries sustained at work and within the coverage of the Workers' Compensation Act ("Act"), and/or for asserting his legal rights under the Act

1

abridges a significant and recognized public policy as articulated in <u>Shick v. Shirey</u>, 552 Pa. 590 (1998).

4. All conditions precedent to the institution of this suit have been fulfilled, such as exhausted Administrative remedies and obtaining "Notice of Suit Rights" letters from the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff has satisfied all jurisdictional prerequisites to the maintenance of this action.

### III.   PARTIES

5. The Plaintiff herein is:

> Deena Dean
> 225 Rocky Ridge Road
> Quakertown, Pennsylvania 18951

6. The Defendant herein is:

> County of Bucks
> 55 E Court Street
> Doylestown, Pennsylvania 18901

It is further averred that Plaintiff has worked for Defendant.

### IV.   ADDITIONAL UNDERLYING FACTS

7. The Defendant, upon information and belief, employed 15 or more persons when the unlawful conduct alleged in this Complaint occurred.

8. Defendant employed Plaintiff for four decades.

9. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant.

10. At all times material herein, Defendant is and has been a "person" and "employer" as defined under the ADA and is accordingly subject to the provisions of the Act.

## V.  STATEMENT OF THE CLAIMS

11. Paragraphs 1 through 10 are incorporated by reference, as if set forth at length.

12. Plaintiff alleges that prior to and continuing until April 22, 2019, Defendants, through its agents, servants, and employees, subjected her to discrimination and retaliation violative of the ADA, the FMLA, and accordingly subject to the provisions of each Act. The facts in support of these allegations include, but are not limited to the following:

## VI.  UNDERLYING FACTS

13. Plaintiff alleges that Defendant, through its agents, servants, and employees, failed to engage in the interactive process required to provide a reasonable accommodation for her disability. Plaintiff alleges that Defendant, through its agents, servants, and employees, interfered with Plaintiff's FMLA leave by not informing Plaintiff of her eligibility to take FMLA-protected leave. Plaintiff further believes and avers that Defendant retaliated against her by terminating her employment for seeking workers' compensation benefits. These actions constitute violations of the Americans with Disabilities Act of 1990 ("ADA") and Shick v. Shirey, 552 Pa. 590 (1998).

14. Defendant employed Plaintiff for approximately four decades.

15. Since 1992, Plaintiff has worked on the Board of Elections.

16. During her employment with Defendant, Plaintiff performed her job functions in a dutiful and competent matter and at all times maintained at least a satisfactory performance level.

17. On or around April 19, 2018, Plaintiff began struggling with the air quality of the building.

18. At the time, demolition work at the building had started in order to remove asbestos.

19. The staff in the building were exposed to toxic fumes as part of the demolition.

20. Plaintiff complained to her supervisor son or around April 19, 2018 that the air quality of the building made it difficult to breathe.

21. The adverse side effect to the toxic fumes and poor air quality got so bad that on or about June 5, 2018, Plaintiff had to go on medical leave through her workers compensation benefits.

22. Plaintiff's medical condition due to the toxic fumes impaired major life activities, including breathing.

23. Thus, Plaintiff was disabled under the Americans with Disabilities Act.

24. Plaintiff returned to work on or about August 27, 2018.

25. However, the fumes had not gotten any better, and on or about October 11, 2018, Plaintiff had to go back on medical leave.

26. This leave continued as Plaintiff needed to recover from the adverse health effects of working in the building with toxic fumes.

27. Suddenly, on or about April 22, 2019, Plaintiff was terminated from her job.

28. Plaintiff was in constant communication with the Defendant, and at no time was she told that her job was in jeopardy.

29. Paragraphs 1-26 are incorporated herein as if set forth at length herein.

30. Plaintiff was terminated when on a medical leave in order to treat her medical condition she suffered through the course and scope of her employment.

31. Plaintiff was told her employer could no longer hold her position because of the upcoming election.

32. This explanation was pretext.

33. In actuality, Plaintiff was terminated because of her disability / perceived disability in violation of the Americans with Disabilities Act.

34. The Americans with Disabilities Act of 1990 prohibits discrimination on the basis of disability. Further, the ADA requires employers to engage in the interactive process to provide a reasonable accommodation for employees with disabilities. Plaintiff alleges violations based on disability as set forth below.

35. Defendant terminated Plaintiff while on a medical leave of absence to treat a disability.

36. Defendant unlawfully discriminated against and terminated Plaintiff due to her disability.

## COUNT II

### Retaliation Under the ADA

37. Plaintiff incorporates paragraphs 1 through 34 as if stated at length herein.

38. Plaintiff, at all relevant times, performed her job well.

39. Plaintiff developed a disability during the course and scope of her employment.

40. Plaintiff needed a reasonable accommodation of medical leave to recover from and treat her disability.

41. Initially, Defendant granted that leave.

42. However, Defendant than retaliated against the Plaintiff by terminating her.

43. The reason for Plaintiff's termination was pretext.

44. In actuality, she was terminated in retaliation for seeking and using a reasonable accommodation in violation of the Americans with Disabilities Act.

45. The Americans with Disabilities Act not only creates an obligation for employers to reasonably accommodate employees with disabilities, but also prohibits retaliation against employees who need a reasonable accommodation.

46. Plaintiff needed the reasonable accommodation of medical leave, and then she was retaliated for taking it.

47. Defendant unlawfully terminate Plaintiff in retaliation

## COUNT III

Pennsylvania Common Law Wrongful Termination

48. Plaintiff Incorporates paragraphs 1 through 45 as if stated at length herein.

49. Plaintiff developed a medical condition during the course and scope of her unemployment, due to an unsafe condition created by the Defendant.

50. Plaintiff rightfully pursued workers compensation benefits to compensate her for the time she was out of work due to her work related medical condition.

51. Plaintiff was then retaliated against and terminated for seeking workers compensation benefits.

52. Plaintiff was wrongfully discharged in violation of public policy.

53. Plaintiff was wrongfully terminated in violation of Pennsylvania common law,

## PRAYER FOR RELIEF

51.     Plaintiff incorporates paragraphs 1 through 50 as if set forth at length.

**WHEREFORE**, Plaintiff requests that this court enter judgment in his favor against the Defendant, and order that:

A.     Defendant compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination based on his disability.

B.     Defendant compensate Plaintiff with an award of front pay, if appropriate;

    C.    Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

    D.    Defendant pay to Plaintiff pre and post judgment interest, the costs of suit and attorney and expert witness fees as allowed by law;

    E.    Defendant shall eliminate all unlawful discriminatory practices as well as remedy the discriminatory effect of past practices and procedures;

    F.    The Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

**POND LEHOCKY, LLP**

By: /s/ Mark R. Natale Esq

Mark R. Natale, Esq.
Malamut & Associates
457 Haddonfield Road
Cherry Hill, New Jersey 08008